UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CORTES MORRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 1:07-CV-173 WL |
| | ) |
| SUPERINTENDENT, | ) |
| ALLEN COUNTY JAIL, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Cortes Morris, a *pro se* prisoner, filed this habeas corpus petition alleging that his parole was improperly revoked. Mr. Morris states that he did not appeal to the Indiana Supreme Court, "[b]ecause I'm uneducated to the law stating various motions. Furthermore, from my understanding I could file directly to the United States District Court." Petition at ¶ 9.e. Mr. Morris is incorrect.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

Here, Morris has not yet presented these claims on appeal to the Indiana Supreme Court. Until he has properly presented his claims to the Indiana Supreme Court, he has not exhausted his state remedies and he cannot proceed on this petition.

"[A] district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, where Morris' state trial court proceedings ended on March 20, 2007 and April 26, 2007, this dismissal would not improperly end any chance at federal habeas review. If he filed a timely appeal from the those rulings, he can still exhaust his claims in state court and, if unsuccessful there, bring a new habeas petition. If he did not file a timely appeal from those rulings, he may not be able to ever exhaust his claims in state court and may have thereby forfeited any opportunity to file a habeas petition challenging this probation revocation. Either way, dismissal of this petition, rather than a stay, would not be the reason for his not being able to bring a habeas petition. Therefore a stay is not necessary or appropriate in this case.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the court **DISMISSES** this petition **WITHOUT PREJUDICE** because the claim has not been exhausted in state court.

SO ORDERED.

ENTERED: August 3, 2007

                                                       s/William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court